[Cite as *State v. Brumbaugh*, 2013-Ohio-2117.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### DARKE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-6 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-99 |
| v. | : | |
| | : | |
| CHAD D. BRUMBAUGH | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

# O P I N I O N

Rendered on the 24th day of May, 2013.

· · · · · · · · · ·

R. KELLY ORMSBY, III, Atty. Reg. #0020615, and DEBORAH S. QUIGLEY, Atty. Reg. #0055455, Darke County Prosectuor's Office, 504 South Broadway Street, Greenville, Ohio 45331
     Attorneys for Plaintiff-Appellee

PAUL E. WAGNER, Atty. Reg. #0067647, Hanes Law Group, Ltd., 111 North Bridge Street, Post Office Box 315, Gettysburg, Ohio 45328
     Attorney for Defendant-Appellant

· · · · · · · · · · · ·

FAIN, P.J.

{¶ 1}     Defendant-appellant Chad Brumbaugh appeals from his conviction and sentence,

following a no-contest plea, for Illegal Manufacture of Drugs, within 100 feet of a juvenile, in violation of 2925.04(A), (C)(3)(b), a felony of the first degree. Brumbaugh contends that the trial court erred by finding him guilty of the offense, because it was not committed within 100 feet of a juvenile. This issue was briefed and decided in the trial court.

{¶ 2} We conclude that the fetus being carried in the womb of a pregnant woman in the immediate vicinity of the commission of the offense, who was born live sixteen days later, and who was "alive and well" over two months after birth, was a juvenile for purposes of R.C. 2925.04(A), (C)(3)(b). Consequently, the judgment of the trial court is Affirmed.

## I. The Offense

{¶ 3} At the plea hearing, the State recited for the record the existence of abundant evidence that Brumbaugh was operating a meth lab – manufacturing methamphetamine – at a residence in Union City on June 6, 2012. Brumbaugh was apprehended leaving the rear of the residence. Present in the residence were three persons, one of whom was Allison Setser.

{¶ 4} The State recited for the record correspondence that Brumbaugh, while in jail, had exchanged with one of the persons present at the time of his arrest. In one of his letters, Brumbaugh wrote: "As for story goes, we really don't need one. The fact is I got hit with everything to make dope in my house. Not only that, I had a bottle done ready to smoke off." The State recited for the record that Brumbaugh had admitted to the arresting officer that "he had to start making methamphetamine as a means to make money."

{¶ 5} The State recited for the record:

State would note that one of the individuals who was removed from the residence would have also testified and that would have been Allison Setser. Allison Setser was inside the residence. She arrived there at 4:00 p.m. on June 5th of 2012 and was there when the SRT team went in and took everyone out.

Allison Setser would have testified at the time she was pregnant – over eight months pregnant on June 6th, 2012. And, in fact, on June 22nd, 2012, she gave birth to a live child who is still alive and well at this time [August 30, 2012].

{¶ 6} Brumbaugh did not dispute any of the facts that the State recited for the record.

## II. The Course of Proceedings

{¶ 7} Brumbaugh pled no contest, but was permitted by the trial court to brief the issue of whether Allison Setser's unborn fetus (whose gender was never mentioned in the record) constituted a juvenile for purposes of the committed-in-the-vicinity-of-a-juvenile element of the statute. This element makes the offense a first-degree felony; otherwise, it is a second-degree felony.

{¶ 8} The trial court rendered a decision holding that Setser's unborn fetus was a juvenile for purposes of the statute. The trial court found Brumbaugh guilty, and imposed the minimum sentence of four years in prison.

{¶ 9} From his conviction and sentence, Brumbaugh appeals.

## III. Setzer's Unborn Fetus Was a Juvenile

## for Purposes of R.C. 2925.04(A), (C)(3)(b)

{¶ 10}   Brumbaugh's sole assignment of error is as follows:

AN UNBORN CHILD IS NOT A JUVENILE WITHIN THE MEANING OF OHIO REVISED CODE SECTION 2925.01(N).

{¶ 11}   Brumbaugh was convicted of violating R.C. 2925.01(A), which provides as follows:

No person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance.

{¶ 12}   A violation of R.C. 2925.01(A) that involves methamphetamine is a second-degree felony unless R.C. 2925.01(C)(3)(b) applies.   Division (C)(3)(b) of the statute provides, in pertinent part, as follows:

If the drug involved in the violation is methamphetamine and if the offense was committed in the vicinity of a juvenile, * * * , illegal manufacture of drugs is a felony of the first degree, and, subject to division (E) of this section, the court shall impose a mandatory prison term on the offender determined in accordance with this division.

{¶ 13}   R.C. 2925.01(BB) defines the phrase "committed in the vicinity of a juvenile":

An offense is "committed in the vicinity of a juvenile" if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense.

{¶ 14}   In this case, Brumbaugh does not dispute that he committed the offense within 100 feet of Allison Setser, who was pregnant.   He contends that Setser's unborn child was not a "juvenile" for purposes of the statute.

{¶ 15}   R.C. 2925.01(N) defines a "juvenile," for purposes of chapter 2925 of the Ohio Revised Code, as "a person under eighteen years of age."

{¶ 16}   1996 S.B. No. 239, effective September 6, 1996, added the following definition of "person" to the Ohio Revised Code as R.C. 2901.01(B)(1)(a):

Subject to division (B)(2) of this section, as used in any section contained in Title XXIX of the Revised Code that sets forth a criminal offense, "person" includes all of the following:

(i) An individual, corporation, business trust, estate, trust, partnership, and association;

(ii) An unborn human who is viable.

{¶ 17}   The exceptions in R.C. 2901.01(B)(2), to which the above-quoted portion of the statute refers, have no application to this case.

{¶ 18}   Further explication is provided by R.C. 2901.01(B)(1)(c):

As used in division (B)(1)(a) of this section:

(i) "Unborn human" means an individual organism of the species Homo sapiens from fertilization until live birth.

(ii) "Viable" means the stage of development of a human fetus at which there is a realistic possibility of maintaining and nourishing of a life outside the womb with or without temporary artificial life-sustaining support.

**{¶ 19}** Because Allison Setser's child was born sixteen days after the offense, and was "alive and well" a little over two months after having been born, the trial court could find that the fetus she was carrying at the time of, and in the immediate vicinity of the offense, was an unborn human who was viable at that time.

**{¶ 20}** Brumbaugh contends, nevertheless, that the unborn child cannot be considered to have been a juvenile for purposes of the statute creating the offense of which he was convicted. He first cites *State v. Gray*, 62 Ohio St.3d 514, 584 N.E.2d 710 (1992). That case involved a parent who had been prosecuted for violating R.C. 2919.22(A), which at that time provided, in pertinent part, as follows:

> No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * * *Id*. at 515.

**{¶ 21}** The court concluded that: "Under the common usage of the term 'parent,' [the defendant] did not become a parent until the birth of the child." Of course, the Supreme Court had no occasion to consider the definition of "person" contained in R.C. 2901.01(B)(1), which had not yet been enacted.

**{¶ 22}** The court then observed: "The statutory and regulatory scheme in Ohio strongly indicates that where the concerns of the unborn are at issue, the legislature and administrative bodies have referred to the unborn specifically." *Gray* at 516. Significantly, R.C. 2901.01(B)(1)(a)(ii) expressly refers to an unborn human.

{¶ 23}  Brumbaugh next argues that Setser's unborn child was not a person under the age of eighteen, and was therefore not a juvenile, as defined in R.C. 2925.01(N), because the child, having not yet been born, had no age.   We find this argument unpersuasive.

{¶ 24}  Common sense tells us that a person who has not yet attained the age of eighteen is a person under the age of eighteen.   Setser's fetus, not yet having been born, had obviously not yet attained the age of eighteen.

{¶ 25}  If, for some pedagogical reason, as Brumbaugh's argument suggests, it is necessary to assign a numerical value to the "age" of Setser's fetus at the time of the commission of the offense, we would suggest that that value would logically be minus sixteen days. Thirty-two days later, the child's age was plus sixteen days.  A year and sixteen days after the offense was committed, the child would have been one year old, and so on.

{¶ 26}  In any event, we are satisfied that Setser's unborn child had not yet attained the age of eighteen when the offense was committed, was therefore a person under the age of eighteen for purposes of the statute, and was therefore a juvenile who was within 100 feet of the commission of the offense.

{¶ 27}  In reaching this conclusion, we point out that our construction of R.C. 2901.01 is limited to the context of this case, in which the definition of "person" therein is being used in the definition of a "juvenile" for purposes of Chapter 2925 of the Ohio Revised Code.   The legislature might have chosen to provide harsher penalties for the manufacture of methamphetamine within 100 feet of a pregnant person, concluding that the harsher penalties are necessary to protect the public from the potential dangers to which the pregnant female and her fetus are thereby exposed.   But the legislature chose instead to provide harsher penalties when

the offense is committed within 100 feet of a "juvenile," which the legislature defines, for this purpose, to include a viable fetus.

{¶ 28} Brumbaugh's sole assignment of error is overruled.

## IV. Conclusion

{¶ 29} Brumbaugh's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and HALL, JJ., concur.


Copies mailed to:

R. Kelly Ormsby, III
Deborah S. Quigley
Paul E. Wagner
Hon. Jonathan P. Hein